OPINION AND JOURNAL ENTRY
{¶ 1} This cause comes on delayed appeal from a May 10, 2002 sentencing entry of the Jefferson County Common Pleas Court imposing a seven (7) year term of imprisonment after appellant's guilty plea to kidnapping and rape. In addition to the agreed recommended sentence, appellant was found to be a sexually oriented offender by agreement of the parties. As part of the sentencing entry the trial court ordered appellant to "pay costs of this action and Court appointed counsel costs and all fees permitted pursuant to R.C. 2929.18(A)(4)."
 {¶ 2} The Ohio Public Defender was subsequently appointed as counsel for appellant and on March 6, 2003 filed a brief listing the following assignments of error:
 {¶ 3} 1. "The trial court erred when it ordered Mr. McGee to pay court-appointed counsel fees without making the necessary ability-to-pay finding required by R.C. 2941.51(D) (Judgment Entry filed May 10, 2002)
 {¶ 4} 2. "The trial court erred when it ordered Mr. McGee to pay `all fees permitted pursuant to ORC 2929.18(A)(4)' without considering Mr. McGee's `present and future ability to pay' such fees as required by R.C. 2929.19(B)(6). (Judgment Entry filed May 10, 2002)"
 {¶ 5} On March 27, 2003, the appellee filed a stipulation that the two assigned errors have merit and motioned that the matter be remanded for a determination of ability to pay before assessment of any costs or fees.
 {¶ 6} As the assigned errors contain common questions of law and fact they will be discussed together.
 {¶ 7} Under R.C. 2941.51(D) regarding payment of appointed counsel:
 {¶ 8} "The fees and expenses approved by the court under this section shall not be taxed as part of the costs and shall be paid by the county. However, if the person represented has, or reasonably may be expected to have, the means to meet some part of the cost of the services rendered to the person, the person shall pay the county an amount that the person reasonably can be expected to pay." There is a clear requirement that the trial court make an affirmative determination on the record that a defendant has, or reasonably may be expected to have, the means to pay some or all of the cost of legal services he receives. Statev. Cooper (2002), 147 Ohio App.3d 116, 2002-Ohio 617, ¶ 71. See also, State v. Warner (Sept. 21, 2001), 9th Dist. No. 96CA006534; Galionv. Martin (Dec. 12, 1991), 3d Dist. No. 3-91-6; State v. Brown (Nov. 19, 1999), 6th Dist. No. L-97-1332. Established case law requires an affirmative determination on the record of an ability to pay or reasonable expectation thereof before assessment of the cost of court-appointed counsel.
 {¶ 9} In addition, under R.C. 2929.19(B)(6):
 {¶ 10} "Before imposing a financial sanction under section 2929.18
of the Revised Code or a fine under section 2929.25 of the Revised Code, the court shall consider the offender's present and future ability to pay the amount of the sanction or fine." The referenced financial sanctions include court costs, restitution, fines, confinement costs and other sanctions permitted by R.C. 2929.18.
 {¶ 11} We agree with appellant that the record before this Court contains no evidence that appellant has the present ability, or will reasonably be expected to have, the financial means to pay assigned counsel costs and other fees under R.C. 2929.18(A)(4). Moreover, that section specifically requires that reimbursement for the costs of confinement "shall not exceed the total amount of reimbursement the offender is able to pay as determined at a hearing and shall not exceed the actual cost of confinement." A hearing on ability to pay is required.
 {¶ 12} Accordingly, that part of the sentencing entry filed May 10, 2002, requiring appellant to pay costs and fees, is vacated and this cause is remanded for a determination of the appellant's ability to pay, or reasonable expectation of an ability to pay, the fees and costs assessed. The remainder of the judgment is affirmed.
 {¶ 13} Costs of this proceeding taxed against appellee.
Donofrio, J., Vukovich, J., and Waite, J., concur.